1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:  (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6  Attorneys for Defendants
   Mann Bracken, LLC, Doug Mann,
7  Edward Reilly

8
9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                        SAN FRANCISCO DIVISION
12

13  MICHELE FUKUDA, individually         )   CASE NO.: C 08 0359 JSW
    and on behalf of all others similarly )
14  situated,                            )
                                         )
15              Plaintiff,               )   **ANSWER OF DEFENDANTS TO**
                                         )   **COMPLAINT**
16        vs.                            )
                                         )
17  MANN BRACKEN, LLC, DOUG              )
    MANN, EDWARD REILLY, an              )
18  individual,                          )
                                         )
19              Defendants.              )
                                         )
20  _____ )

21
22
23
24
25
26
27
28

  Defendants MANN BRACKEN, LLC, DOUG MANN, and EDWARD REILLY(collectively, "Defendants") hereby submit the following Answer to the Complaint filed in this action by plaintiff MICHELE FUKUDA ("Plaintiff"):

  1. In answering Paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to bring this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the California Rosenthal Act, Cal. Civ. Code § 1788 *et seq*. Except as herein as admitted, the remaining allegations of Paragraph 1 are denied.

  2. In answering Paragraph 2 of the Complaint, Defendants admit that Plaintiff alleges that this Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and that supplemental jurisdiction over Plaintiff's state law claims exists pursuant to 28 U.S.C. § 1367. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

  3. In answering Paragraph 3 of the Complaint, Defendants admit that Plaintiff alleges that venue in proper in this district. Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

  4. In answering Paragraph 4 of the Complaint, Defendants admit, on information and belief, that Plaintiff is an individual residing in San Francisco, California. Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) or Cal. Civ. Code § 1788.2(e) and on that basis, deny the allegations. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

  5. In answering Paragraph 5 of the Complaint, Defendants admit that Mann Bracken, LLC is a law firm and a Georgia limited liability company that has, at times, acted as a "debt collector" as defined by the FDCPA, 15 U.S.C. §

1  1692(a)(6) and Cal. Civ. Code § 1788.2(c) and whose principal place of business
2  is One Paces West, Suite 1400, 2727 Paces Ferry Road, Atlanta, Georgia 30339.
3      6.    In answering Paragraph 6 of the Complaint, Defendants admit that
4  Doug Mann was formerly employed by Mann Bracken, LLC. Defendants further
5  admit that the contents of Mann Bracken, LLC's website, mannbracken.com, are
6  self-explanatory. Except as herein admitted, the remaining allegations of
7  Paragraph 6 are denied.
8      7.    Denied.
9      8.    In answering Paragraph 8 of the Complaint, Defendants admit that
10  Edward Reilly is the vice president of legal services at Mann Bracken, LLC.
11  Defendants further admit that the contents of Mann Bracken, LLC's website,
12  mannbracken.com, are self-explanatory. Except as herein admitted, the remaining
13  allegations of Paragraph 8 are denied.
14      9.    Denied.
15      10.    Denied.
16      11.    Defendants admit that Plaintiff incurred a financial obligation that
17  was charged off by the original creditor and subsequently transferred to Mann
18  Bracken, LLC for collection. Except as herein admitted, the remaining allegations
19  of Paragraph 11 are denied.
20      12.    In answering Paragraph 12 of the Complaint, Defendants admit that
21  Mann Bracken, LLC places telephone calls in attempting to collect financial
22  obligations. Defendants further admit that Mann Bracken, LLC has, at times, left
23  voicemail messages. Except as herein admitted, the remaining allegations of
24  Paragraph 12 are denied.
25      13.    In answering Paragraph 13 of the Complaint, Defendants admit that a
26  representative of Mann Bracken, LLC placed a telephone call to Plaintiff on or
27
28

about December 10, 2007 and left a message. Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14. In answering Paragraph 14 of the Complaint, Defendants admit that a representative of Mann Bracken, LLC placed a telephone call to Plaintiff on or about December 12, 2007 and left a message. Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15. In answering Paragraph 15 of the Complaint, Defendants admit that a representative of Mann Bracken, LLC placed a telephone call to Plaintiff on or about December 17, 2007 and left a message. Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

16. In answering Paragraph 16 of the Complaint, Defendants admit that a representative of Mann Bracken, LLC placed a telephone call to Plaintiff on or about December 18, 2007 and left a message. Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

17. In answering Paragraph 17 of the Complaint, Defendants admit that Mann Bracken, LLC left voicemail messages for Plaintiff, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

18. In answering Paragraph 18 of the Complaint, Defendants admit that Mann Bracken, LLC sent Plaintiff a letter dated December 10, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 18 are denied.

19. In answering Paragraph 19 of the Complaint, Defendants admit that Mann Bracken, LLC sent Plaintiff a letter dated December 10, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 19 are denied.

1      20.    In answering Paragraph 20 of the Complaint, Defendants admit that Mann Bracken, LLC sent Plaintiff a letter dated December 10, 2007, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 20 are denied.

    21.    Denied.

    22.    Denied.

    23.    Denied.

    24.[1]    Denied.

    21b.    In answering Paragraph 22 of the Complaint (at page 5, line 14), Defendants aver that the contents of that Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.,* the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. and *Clark v. Capital Credit and Collection Services*, 460 F.3d 1162, 1176 (9th Cir. 2006) are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 25 are denied.

    22b.    In answering Paragraph 22 of the Complaint, Defendants aver that the contents of that Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., and *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1223, 1225, 1226 (9th Cir. 1988) are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 22b are denied.

    23b.    (At page 5, line 20) Defendants incorporate by reference paragraphs 1 through 24 and 21b above, as if set forth fully herein.

    24b.    Denied.

    25.    Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 25 of the Complaint.

---

[1] Defendants note after the first paragraph numbered "24" of the Complaint, the paragraphs begin again at number 21.  Defendant responds to each misnumbered paragraph as "21b," "22b," "23b," and "24b" identifying the duplicated paragraph numbers by page and line of the Complaint.

26. Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 27 of the Complaint.

28. Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 28 of the Complaint.

29. Denied.

30. Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 30 of the Complaint.

31. Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 31 of the Complaint.

32. Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 32 of the Complaint.

33. Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 33 of the Complaint.

34. Defendants deny that there is any legitimate basis to certify a class in this case, and therefore deny the allegations of Paragraph 34 of the Complaint.

35. Denied.

## **AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations/Laches)**

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

**(Bona Fide Error)**

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

**(No Wilful Conduct)**

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the debt.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants. The liability, if any exists, of all Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these Defendants should be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE
### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are, on information and belief, entitled to a setoff in the amount Plaintiff owes on her unpaid account, including any recoverable interest and attorneys' fees.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Not a Debt Collector)

Defendants Doug Mann and Edward Reilly are not debt collectors under state or federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA and Rosenthal Act must be rejected as they would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendants request judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendants recover from Plaintiff their costs according to proof.

3. That Defendants recover their attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: February 21, 2008

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR

By:   s/Tomio Narita
Tomio B. Narita
Attorneys for Defendants
Mann Bracken, LLC, Doug Mann and Edward Reilly