Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
   Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)
ATTORNEY FOR PLAINTIFF

Tomio B. Narita
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
(415) 283-1000
(415) 352-2625 (Fax)
tomio@snllp.com
ATTORNEY FOR DEFENDANTS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHELE FUKUDA, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>MANN BRACKEN, LLC; DOUG MANN; EDWARD REILLY,<br><br>    Defendants.<br>_____/ | Case No. C 08-0359 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    April 25, 2008<br>Time:   1:30 p.m.<br>Dept:   Courtroom 2<br>Judge:  Hon. Jeffrey White |

    The parties, by their attorneys, file their Joint Case Management Statement addressing all of the topics set forth in the Standing Orders of All Judges of the Northern District of California.

    1.    <u>Jurisdiction and Service</u>.  This Court's jurisdiction is based on 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Supplemental jurisdiction over the state law claims is based on 28 U.S.C. § 1367.

    There are no issues regarding personal jurisdiction or venue.

    At this time, Plaintiff is not aware of any additional parties to be served, but asks that the time for service remain open until the completion of discovery.

1  Defendants request that the Court establish a cut-off date for adding parties and for further amendments to the pleadings. Defendants suggest that the date should be 30 days from the date of the Case Management Conference. No further amendments should be made after that time except with approval of the Court upon noticed motion.

2. <u>Facts</u>. On several occasions in December, 2007, Defendants left scripted telephone messages on Plaintiff's voicemail which failed to disclose that the call was made to collect a debt and did not disclose the name of the creditor. The messages are reported at Paragraphs 13-16 of the Complaint.

Also, Plaintiff received from defendants a form collection letter, <u>Exhibit A</u> to the Complaint, which represented that the letter was from attorneys Mann, Bracken, LLC. Plaintiff challenges the practice of Defendants' sending a collection letter as being from an attorney, when no attorney had a meaningful or professional involvement in reviewing Plaintiff's file or sending the collection letter.

The collection letter, <u>Exhibit A</u>, also threatened that Defendants would arbitrate Plaintiff's claim, though it was the threat of an action that Plaintiff believes could not legally be taken.

On February 21, 2008, Defendants filed their Answer, denying all material allegations.

3. <u>Legal Issues</u>. Issues are whether Defendants' scripted telephone messages and collection letter, <u>Exhibit A</u>, violated the FDCPA and the California Rosenthal Act.

<u>Plaintiff's Issues</u> are whether there were violations in the following particulars:

A. 1692d(6): Placing telephone calls to Plaintiff without meaningful disclosure of the nature of the caller's business (*Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104; 2005 U.S. Dist. LEXIS 17337; *Foti, et al., v. NCO Financial Systems, Inc.*, 2008 U.S. Dist. LEXIS 16511 (S.D. N.Y. Feb. 19, 2008).

B. 1692e: Using false, deceptive, and misleading representations that the call is of a time-sensitive matter requiring a call back as soon as possible, requiring Plaintiff's immediate attention.

C. 1692e(2)(A): Falsely representing the status of the debt as being subject to

1 arbitration.

2    D.    1692e(3): Falsely representing that the collection letter is from an attorney, though no attorney was directly and personally involved in reviewing Plaintiff's file and sending the collection letter.

   E.    1692e(11): Failing to disclose in the initial oral communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

   F.    1692f: Using unfair and unconscionable means to collect or attempt to collect debts by creating a false sense of urgency by its message of the need to call back as soon as possible, falsely describing a matter as time-sensitive.

Plaintiff believes that these issues are resolved in the affirmative.

Defendants' Issues are:

   G.    Whether Plaintiff's alleged claims are barred in whole or in part by the affirmative defenses.

   H.    Whether defendants Doug Mann and Edward Reilly are proper parties in this action, and whether it was improper for Plaintiff to sue them in their individual capacities.

   I.    Whether this action was brought in bad faith and for purposes of harassment, thereby allowing defendants to recover their costs and attorneys' fees pursuant to 15 U.S.C. § 1692k.

4.    Motions.    Plaintiff will move for class certification within the next thirty days. Defendants will oppose any motion for class certification on the grounds that it is premature, pending the resolution of issues of liability.

5.    Amendment of Pleadings.    Plaintiff at this time does not anticipate amending the Complaint. Plaintiff asks that the deadline for amendment be set at the completion of discovery.

Defendants request that the Court establish a cut-off date for adding parties and for further amendments to the pleadings. Defendants suggest that the date should be 30 days from the date of the Case Management Conference. No further amendments should be made after that

time except with approval of the Court upon noticed motion.

6. <u>Evidence Preservation</u>. Plaintiff asks that the Court issue an evidence preservation order.

7. <u>Disclosures</u>. On March 29, 2008, Plaintiff filed the initial disclosures required pursuant to Rule 26 of the Fed. Rules Civ. Proc.

8. <u>Discovery</u>. Plaintiff will propound Plaintiff's first set of discovery requests to Defendants within the next thirty days. Defendants will propound appropriate written discovery and will take depositions.

9. <u>Class actions</u>.

(a) The class action is maintainable under Paragraphs 2 and 3 of the Federal Rules of Civil Procedure.

(b) The class is all California consumers who received the scripted telephone messages and a subclass that received the collection letter, attached as <u>Exhibit A</u> to the Complaint, within the one year immediately preceding the filing of the Complaint.

(c) Plaintiff is entitled to maintain the action under Fed. R. Civ. Proc. 23(a), as (i) the class is so numerous that joining all of the members would be impracticable, (ii) there are questions of law or fact common to the class, (iii) the claims or defenses of the representative party is typical of the class members, and (iv) the representative party will fairly and adequately protect the interests of the class.

(d) The proposed date for the Court to consider whether the case can be maintained as a class action is Mid-December, 2008.

Defendants deny that this case can be properly maintained as a class action, and deny that Plaintiff is a proper class representative.

10. <u>Related cases</u>. Plaintiff is not aware of any related cases.

11. <u>Relief</u>. Plaintiff seeks statutory damages of $2,000 and relief for the Class, the lesser of a sum not to exceed 1% of Defendants' net worth, or $1,000,000.

12. <u>Settlement and ADR</u>. The parties have agreed to mediation under ADR auspices. Key discovery revolves around numerosity and net worth issues.

13. <u>Consent to magistrate judge for all purposes</u>. Plaintiff consents to have this matter heard by the magistrate judge for all purposes. Defendants do not consent.

14. <u>Other references</u>. Plaintiff declines references other than mediation under the ADR.

15. <u>Narrowing of Issues</u>. Plaintiff believes the issues can be narrowed by stipulation to class certification. Defendants believe summary judgment can narrow the issues.

16. <u>Expedited schedule</u>. This case is not amenable to handling on an expedited basis.

17. <u>Scheduling</u>. The parties propose that the discovery cut-off be August 1, 2008, that the date for designation of experts be July 1, 2008, that the date for hearing summary judgment motions be the week of October 1, 2008, and that the trial date be after December 1, 2008.

18. <u>Trial</u>. The trial will be a court trial, and the length of trial is expected to be 3-4 days.

19. <u>Disclosures of non-party, interested entities or persons</u>. Plaintiff has no disclosures to make.

20. <u>Other matters</u>. The parties have no other matters to disclose at this time.

Respectfully submitted,

Dated: <u>April 15, 2008</u>　　　　　　　　　____/s_____
　　　　　　　　　　　　　　　　　　　　Irving L. Berg
　　　　　　　　　　　　　　　　　　　　The Berg Law Group
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs

Dated:<u>April 15, 2008</u>　　　　　　　　　____/s_____
　　　　　　　　　　　　　　　　　　　　Tomio Narita
　　　　　　　　　　　　　　　　　　　　Simmonds & Narita, LLP
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants